**Walter H. ESKE, Plaintiff,**

v.

**Joseph C. HYNES, et al., Defendants.**

**No. 84–C–959.**

United States District Court,
E.D. Wisconsin.

Nov. 8, 1984.

Beth A. Sabbath, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

Walter H. Eske, pro se.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

This is a civil rights action, purportedly brought pursuant to Titles 18, 42 and 39, United States Code, 28 U.S.C. §§ 1331 and 1361, and 5 U.S.C. § 701. The plaintiff alleges that certain officials of the Internal Revenue Service conspired to deprive him of his property without due process of law, in violation of 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. §§ 241 and 242, and various provisions of the United States Constitution.

After the defendants filed a motion for a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure, the plaintiff filed an amended complaint which incorporated the entire original complaint and added as defendants the three government attorneys who have thus far appeared on behalf of the original defendants. The defendants have filed a motion to strike the amended complaint and to prohibit the addition of new defendants without the court's permission. The latter motion will be granted; the motion for a more definite statement will be denied.

The amended complaint, like the original complaint, contains numerous allegations which are legally frivolous. It is also clear that the plaintiff's proposed addition of three government attorneys as defendants is based on nothing more than their representation of the original defendants in this lawsuit. The plaintiff alleges no involvement by the government attorneys in the acts which underlie his cause of action, i.e., the wrongful collection of taxes for 1979 and 1980. Comparable pleadings were recently considered by another branch of this district. *Fehrman v. Phillips,* et al., No. 84–C–351 (E.D.Wis. May 4, 1984); *Wickstrom, et al. v. Ebert, et al.,* 585 F.Supp. 924 (E.D.Wis.1984). Adopting Judge Robert W. Warren's solution in those cases, I will strike the plaintiff's amended complaint and order that no additional defendants be added without the court's permission. I turn now to the defendants' motion for a more definite statement of the original complaint.

The defendants move that the plaintiff be required to state the "actions or events which gave rise to the cause of action asserted against said defendants." Although the complaint contains much surplusage, it is clear that the gravamen of the complaint is that the defendants violated the plaintiff's rights by conspiring to collect income taxes from him for tax years

1979 and 1980, by refusing to accord him a jury trial and by refusing to comply with his demands for proof of the defendants' legal authority to tax. (Complaint, ¶¶ IX, XI, XIV, XVIII, XIX, XXVI, XXIX and exhibits). A more definite statement is not necessary.

Next, the defendants ask that the plaintiff indicate whether the complaint is founded on acts other than the issuance of the notice of levy which resulted in the garnishment of the plaintiff's wages. As is apparent from the allegations of the complaint cited in the preceding paragraph, other acts are alleged and there is, therefore, no need for a more definite statement.

The defendants also wish to know "[w]hether the plaintiff is alleging a cause of action under 18 U.S.C. §§ 241 and 242, or 42 U.S.C. § 1983, and, if so, what were those acts or events." Again, it is reasonably clear that the complaint alleges claims under all three sections, based on the collection of taxes. (Complaint, ¶¶ IX, XIX, and XXVII). The defendant's fourth request for a more definite statement will also be denied since the complaint unambiguously alleges claims pursuant to 18 U.S.C. §§ 241 and 242, 42 U.S.C. §§ 1983 and 1985, constitutional amendments 1, 5, 7, 9, 10, 13 and 14, and various sections of the criminal code relating to treason. (Complaint, ¶¶ X, XI, XXII, XXIX).

The defendants further ask that the plaintiff be required to state whether he seeks injunctive relief. This request will be denied since there can be no doubt that the plaintiff is seeking to prevent any future collection of income taxes. (Complaint, p. 17). Finally, the defendants seek a more definite statement of the jurisdictional basis of the complaint. Because I do not believe that any attempt by the plaintiff to restate the grounds of jurisdiction will be useful to the defendants or to the court, the request will be denied.

Rule 1, Federal Rules of Civil Procedure, provides that the federal rules "shall be construed to secure the just, speedy and inexpensive determination of every action." In my opinion, requiring the plaintiff to attempt a more definite statement of his complaint would disserve the ends of Rule 1. While the complaint is undoubtedly awkward, I believe that the facts alleged and the legal theories relied on are sufficiently clear to permit a responsive pleading or motion.

Therefore, IT IS ORDERED that the defendants' motion to strike the amended complaint be and hereby is granted and that the addition of additional defendants will not be permitted without prior authorization by the court.

IT IS ALSO ORDERED that the defendants' motion for a more definite statement of the original complaint be and hereby is denied.

IT IS FURTHER ORDERED that the defendants respond, either by answer or a motion, to the complaint within 30 days from the date of this decision.